UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JACOB WEINREB,                                                :
                                                              :       Case No.:
                                  Plaintiff,                  :
                                                              :       COMPLAINT
        -  against  -                                         :
                                                              :
CENTRAL CREDIT SERVICES, LLC d/b/a                            :
CENTRAL CREDIT SERVICES OF FL, LLC                            :
                                                              :
                                  Defendant.                  :
------------------------------------------------------------- X

JACOB WEINREB (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against CENTRAL CREDIT SERVICES, LLC d/b/a CENTRAL CREDIT SERVICES OF FL, LLC (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant is a Florida entity with a principal place of business located at 9550 Regency Square Blvd, Jacksonville, FL 32225.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. In 2007, the original creditor sued the Plaintiff for the principal amount of $20,135.19 in case number CV-016986-07/KI, and thereafter obtained a judgment on August 6, 2007 on the subject account. See Judgment attached hereto as Exhibit 1.

13. However, on September 18, 2017 the Defendant was able to vacate the judgment and dismiss the case. See Order attached hereto as Exhibit 2.

14. Thereafter, on July 27, 2018 Central Credit Services LLC sent a letter to plaintiff on the subject account, confirming the same principal balance of $20,135.19, and threatening the Plaintiff to pay the current balance or else the account would be forwarded to an

attorney who would consider executing the judgment that the original creditor obtained against Plaintiff. See Letter attached hereto as Exhibit 3.

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Despite the Order of Dismissal, The Letter demanded payment of $20.135.19.

17. Despite the Order of Dismissal, The Letter threatened Plaintiff to pay or they may execute on the judgment.

18. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

19. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

20. 15 U.S.C. § 1692e(5) prohibits the use of a threat to take any action that cannot legally be taken.

21. Defendant's attempt to collect the non-existent judgment by characterizing the debt as a judgment account and threatening to potentially execute the judgment is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

22. Defendant's attempt to collect the non-existent judgment for the full balance is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendant's attempt to collect the non-existent judgment by characterizing the debt as a judgment account and threatening to potentially execute the judgment is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

24. Defendants' attempt to collect the non-existent judgment by characterizing the debt as a judgment account and threatening to potentially execute the judgment is a false

representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

25. Defendant's threat of a potential execution of the judgment of this dismissed case is using a threat to take an action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5).

26. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## JURY DEMAND

27. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: August 28, 2018

Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Isaac@LawBalisok.com
Attorney for Defendant